## JEROME *v.* STEBBINS *et al.*

AN indorser of a note payable on demand, no demand being made until thirteen months after the indorsement to plaintiff, is *prima facie*, not liable. The delay is unreasonable.

In such case, facts to excuse the delay are an essential part of the complaint, and, if not averred therein, it is insufficient.

Every fact which, if controverted, plaintiff must prove to maintain his action, must be stated in the complaint.

APPEAL from the Tenth District.

Plaintiff had judgment; defendant, Stebbins, appeals.

*Reardan & Smith*, for Appellant, cited: *Lockwood* v. *Crawford*, 18 Conn. 369; *Field* v. *Nickerson*, 13 Mass. 131; *Seaver* v. *Lincoln*, 21 Pick. 267; *Sice* v. *Cunningham*, 1 Cow. 397; *Furman* v. *Haskins*, 2 Caine, 369.

*C. E. Filkins*, for Respondent, cited: *Vreeland* v. *Hyde*, 2 Hall's Sup. Court, N. Y.; *Wethy* v. *Andrews*, 3 Hill, 582; *Bank of Utica* v. *Smeades*, 3 Cow. 663.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

This is an action on two promissory notes against the maker and indorser. The defense is by the indorser alone. The notes are payable on demand, and were executed on the 3d of October,

30

1857, and indorsed to the plaintiff on the 7th of the same month, but were not presented for payment until the 11th of November, 1858. These facts appear in the complaint, and no excuse is alleged for the delay in demanding payment. The defendant demurred generally for insufficiency, and the demurrer was overruled.

The plaintiff was not entitled to recover upon the facts stated in the complaint. The demand of payment was made more than thirteen months after the indorsements, and by all of the authorities the delay was unreasonable. If there were excusing circumstances, they constituted an essential part of the plaintiff's case, and should have been alleged in the complaint. The defendant was not required to wait until the trial for a development of the facts relied upon for a recovery. It was the duty of the plaintiff to state these facts in his complaint, and as he failed to do this, the defendant, very properly, interposed a demurrer. The Practice Act provides that the facts constituting the cause of action shall be stated, and it will hardly be contended that this provision can be violated without affecting the sufficiency of the complaint, and the right of the plaintiff to recover. Evidence in relation to irrelevant and immaterial matters is wholly inadmissible, and all matters not presented in the pleadings must be regarded as irrelevant and immaterial. The exclusion of evidence is a necessary consequence of a failure to allege the facts. Every fact which, if controverted, the plaintiff will be compelled to prove in order to maintain the action, must be stated.

Under the New York code, it has been held by the Court of Appeals, of that State, that "every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has the right to controvert, in his answer, must be distinctly stated." (*Allen* v. *Patterson,* 3 Seld. 478.) In *Safford* v. *Drew,* (3 Duer, 632,) it was said by the Court that a complaint is sufficient if it avers all the facts which, if controverted, the plaintiff will be bound to prove upon the trial, in order to maintain the action. In *Garver* v. *Fowler,* (4 Sand. 665,) it was held that an averment of due notice of the presentment and non-payment of a check was not sustained by evidence of facts excusing notice. The Court, Duer, J. delivering the opinion, said : "It is one of

the merits of the code, that general averments and general issues, which conveyed no information to the opposite party, and were frequently construed in a sense not only different from, but directly opposite to, that which their terms imported, are now abolished.   The plaintiff must now state in his complaint all the facts which constitute the cause of action, and we are clearly of opinion that every fact is to be deemed constitutive, in the sense of the code, upon which the right of action depends.   Every fact which the plaintiff must prove, to enable him to maintain his suit, and which the defendant has the right to controvert in the answer, must be distinctly averred, and every such averment must be understood as meaning what it says, and, consequently, is only to be sustained by evidence which corresponds with its meaning."

The plaintiff, by his course at the trial, virtually admitted the necessity of evidence to rebut the legal effect of the negligence appearing in the complaint; but he claims that such evidence was admissible without a special averment of the facts.   The necessity for the evidence establishes the importance and materiality of the facts, and, as a necessary consequence of their omission, the insufficiency of the complaint.   If on the trial the plaintiff had rested his case upon an admission of the facts stated in his complaint, he would not have been entitled to recover, because from these facts the conclusion of the law would have been that due diligence had not been used, and that the defendant was discharged from liability.   The demurrer admitted the facts and raised the question of diligence.   If the plaintiff could not have recovered at the trial upon a similar admission, we see no reason for holding that he was entitled to recover upon the demurrer.

Judgment reversed and cause remanded.