[No. 14063. In Bank. — January 21, 1891.]

# A. P. HARLAN, ET AL., RESPONDENTS, *v.* J. H. STUFFLEBEEM ET AL., APPELLANTS.

MECHANIC'S LIEN — SUBSTANTIAL PERFORMANCE OF CONTRACT — FINDINGS — INCONSISTENCY. — In an action to foreclose a mechanic's lien for painting, varnishing, and graining a building, findings that some small places in the house were not properly grained and finished, and that the cost of properly finishing them would be not more than five dollars, are not inconsistent with a finding that the plaintiff substantially performed his contract.

ID. — SUBSTANTIAL PERFORMANCE SUFFICIENT — RECOUPMENT FOR SLIGHT OMISSION — RIGHT OF ACTION. — In contracts for the construction or repair of buildings, a substantial performance is sufficient to entitle the contractor to compensation for the work done under the contract; and if there is' an omission or imperfection so slight that it cannot be regarded as an integral or substantive part of the original contract, and the owner can be compensated therefor by a recoupment for damages, the contractor does not lose his right of action, especially where the owner has received the benefit of what has been done.

ID. — TRIVIAL IMPERFECTION. — A trivial imperfection in the work cannot prevent the filing or foreclosure of a lien by the contractor for the work done by him under the contract.

CONTRACT — SUBSTANTIAL PERFORMANCE — QUESTION OF FACT — FINDING. — Whether a contract has been substantially performed is a question of fact to be determined from the facts and circumstances of the case, and a finding of the trial court thereon is as conclusive as upon any other question of fact.

MECHANIC'S LIEN — CONTRACT WITH LESSEE — INTEREST OF OWNER — FAILURE TO GIVE NOTICE. — The interest of the owner in lands leased is subject to a lien for materials used in the construction of a building thereon, erected under a contract by the lessee, if the owner fails to give notice that he will not be responsible for the same.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*Brown & Daggett*, for Appellants.

Before one party to an obligation can require another to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself, and must be able and offer to fulfill all conditions concur-

rent imposed upon him on the like fulfillment by the other party. (Civ. Code, sec. 1439; *Oakley* v. *Morton*, 11 N. Y. 25; 62 Am. Dec. 49; *Carpenter* v. *Stevens*, 12 Wend. 589; *Moakeley* v. *Riggs*, 19 Johns. 69; 10 Am. Dec. 196; *Paige* v. *Ott*, 5 Denio, 406; *Smith* v. *Briggs*, 3 Denio, 73; *Smith* v. *Brady*, 17 N. Y. 173; 72 Am. Dec. 442; *Baker* v. *Higgins*, 21 N. Y. 397; *Glacius* v. *Black*, 50 N. Y. 145; *Millard* v. *Morse*, 32 Pa. St. 506; *Lassing* v. *Page*, 51 Cal. 575; *Twomey* v. *People's Ice Co.*, 66 Cal. 233.) The findings as to the completion of the work are contradictory. Contradictory findings are not sufficient to support a judgment. (*Reese* v. *Corcoran*, 52 Cal. 495; *Sloss* v. *Allman*, 64 Cal. 47; *Weaverville W. R. Co.* v. *Supervisors*, 64 Cal. 70; *Kerns* v. *McKean*, 65 Cal. 411.) The judgment is void as to the owners in fee of the land, as the lien on the land is expressly limited to the interest owned therein by the person who caused said building, improvement, or structure to be constructed, altered, or repaired. (Code Civ. Proc., sec. 1185.)

*Lamberson & Taylor*, and *Charles G. Lamberson*, for Respondents.

The laborer is entitled to have a lien for the value of his labor, regardless of the question of contract. The lien law of this state provides that laborers of every class performing labor upon any building, etc., shall have a lien upon the property "for the value of such labor done." (Code Civ. Proc., sec. 1183.) And the constitution provides, in effect, for the same thing. (Const., art. 20, sec. 15.) The performance of a building contract need not in all cases be literal and exact, to enable the contractor to recover the consideration due upon performance. If, acting in good faith, he substantially performs the work, he may recover, notwithstanding slight or trivial defects for which compensation can be made by an allowance to the other party; and whether or not a contract has been so performed is a question of

fact to be determined by all the circumstances of the cases. (*Holmes* v. *Wood*, 88 N. Y. 650.) A substantial performance is all that can be required. (*Hayward* v. *Leonard*, 7 Pick. 181; 19 Am. Dec. 269; *Britton* v. *Turner*, 6 N. H. 481; Phillips on Mechanics' Liens, sec. 134.) And where the building is substantially finished, although something unimportant, or not of the essence of the contract, may remain undone, the building is considered in law as finished, and instead of forfeiting all payments until the work has been completed, where there has been a compliance in important particulars, or where the facts will warrant the presumption that the work has been accepted by the owner, the courts will allow a recovery to the extent of the work completed. (Phillips on Mechanics' Liens, sec. 137.) And if default either in the workmanship or other agreements of the contract be made by the contractor, the owner may be indemnified to the extent of the loss sustained. The lien may be reduced by showing defectiveness in the work; and the owner will be held for the value of the work performed. (Phillips on Mechanics' Liens, sec. 137; Code Civ. Proc., sec. 1200.) The judgment is not void as to the owners of the real property in question. (Code Civ. Proc., secs. 1185, 1192; *West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275. *Phelps* v. *M. C. G. M. Co.*, 49 Cal. 336.)

HARRISON, J.—Action for the foreclosure of a mechanic's lien.

The plaintiffs contracted with the defendant Stufflebeem, who was the lessee of certain lands owned by the defendants Bashore, to do the work of painting, varnishing, and graining upon some buildings which Stufflebeem was constructing for himself upon said lands, upon the completion of which they were to receive $145.

ª The main issue presented in the case was, whether the plaintiffs had completed the work according to their contract.

The court found that the plaintiffs had substantially complied with all the terms of said contract, and completed said work on or about the tenth day of April, 1890, but that some small places in the houses were not properly grained and finished, and that the cost of properly finishing such places would be not more than five dollars, and thereupon gave judgment for the plaintiffs for the amount of the contract price after deducting said sum of five dollars.

1. It is contended by the appellants that the findings are contradictory, and do not support the judgment.

Neither of these propositions can be maintained.

The finding that the plaintiffs substantially complied with all the terms of their contract, and completed the work, is entirely consistent with the finding that some places in the houses were not *properly* grained and finished; and the finding that the cost of properly finishing such places would not be more than five dollars supports rather than contradicts the finding of substantial performance.

The performance of a contract need not in all cases be literal and exact, in order to entitle a party to compensation therefor. Especially is this the rule in contracts for labor by mechanics or artisans, where the quality of the work done, or the manner of its performance, is the sole matter in dispute, and is to be decided upon conflicting testimony. In contracts for the construction or repair of buildings, a substantial performance of his contract is sufficient to entitle the contractor to compensation for the work done by him under the contract. If there has been no willful departure from its provisions, and no omission of any of its essential parts, and the contractor has in good faith performed all of its substantive terms, he will not be held to have forfeited his right to a recovery by reason of trivial defects or imperfections in the work performed. If the omission or imperfection is so slight that it cannot be regarded as an integral or sub-

stantive part of the original contract, and the other party can be compensated therefor by a recoupment for damages, the contractor does not lose his right of action. (Wharton on Contracts, sec. 607; *Ligget* v. *Smith*, 3 Watts, 331; 27 Am. Dec. 358; *Phillip* v. *Gallant*, 62 N. Y. 264; *Hayward* v. *Leonard*, 7 Pick. 185; 19 Am. Dec. 269; *Sinclair* v. *Tallmadge*, 35 Barb. 604.)   This rule is peculiarly applicable in a case where the other party has received the benefit of what has been done, and is enjoying the fruits of the work.

Section 1187 of the Code of Civil Procedure provides that: "Any trivial imperfection in the said work . . . . shall not be deemed such a lack of completion as to prevent the filing of any lien."   If the lien can be "filed" notwithstanding such imperfection, it must follow that the claimant can foreclose his lien, and that the "trivial imperfection in the work" is no defense to the action. Whether the contract has been substantially performed is a question of fact which must be determined by the trial court in each instance from the facts and circumstances in that case, and the finding of the trial court upon that point is as conclusive as is its finding of any other fact.

The present case is before us upon the judgment roll alone.   In the absence of the testimony upon this point, we are bound to assume that it was sufficient to support the finding that the plaintiffs substantially completed their contract, as also the finding that the defendants would be fully compensated for any imperfection in the work by deducting five dollars from the contract price. If they can be thus compensated in damages, full justice is done to all parties by deducting that amount from the contract price, and allowing the contractor to recover for the work that has been done by him.

2. Appellants urge that it was error to order a sale of the interest of the defendants Bashore in the lands described in the judgment, and cite section 1185 of the

Code of Civil Procedure as declaring that only the interest of the person causing the building to be repaired is subject to the lien.   But it is found by the court that the defendants Bashore knew, at the time, of the construction of the said buildings, and of all the terms and conditions of the contract between the defendant Stufflebeem and the plaintiffs at the time it was made, and also that on the completion of the work the defendant Rachel Bashore made a payment to the plaintiffs on account thereof.   Section 1192 of the Code of Civil Procedure provides that when with such knowledge the owner fails to give notice that be will not be responsible for the same, his interest in the land shall be subject to the lien.

In *West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275, these sections were construed by this court on a similar state of facts, and it was held that the interest of the owner in the lands was subject to a lien for materials used in the construction of a building thereon, which was erected under a contract made by the owner of the leasehold estate.   It was also held in that case that it was not necessary to aver that the owner of the realty did not give any notice that he would not be responsible for the construction of the building.

The judgment of the court below must be affirmed, and that court is directed, upon the filing therein of the *remittitur*, to allow plaintiffs, as a part of their costs on this appeal, a reasonable fee for the services of their attorney in this court.   (Code Civ. Proc., sec. 1195.)

SHARPSTEIN, J., PATERSON, J., DE HAVEN, J., McFARLAND, J., GAROUTTE, J., and BEATTY, C. J., concurred.