## SANTA CLARA VALLEY MILL AND LUMBER CO. v. WILLIAMS et al.

### No. 14,438; December 8, 1892.

#### 31 Pac. 1128.

**Mechanic's Lien—Time of Filing Notice—Code of Civil Procedure**, section 1187, provides that any trivial imperfection in the construction of any building shall not be deemed such a lack of completion as to prevent the filing of any lien. Held, that where a building was erected at a cost of $4,700 and was completed on March 7, 1889, with the exception of about $7 worth of alteration, which was done on April 6, 1889, the building was completed on March 7th, within the meaning of the statute, and a lien for materials furnished, filed more than thirty days after March 7th, was not in time.

**Mechanic's Lien—Personal Judgment of Materialman.**—Code of Civil Procedure, section 1183, provides that the contract for building

a house shall be in writing, and, before the work is begun, shall be filed with the recorder, otherwise to be void, and no recovery had thereon; and that labor done and material furnished by others than the contractor shall be deemed furnished at the instance of the owner, and be deemed a lien. Held, that when the original contractor had not filed his contract, and the materialman had not filed any lien under the statute, the latter is not entitled to a personal judgment against the owners of the building for material furnished the contractor.[1]

APPEAL from Superior Court, Santa Clara County; F. E. Spencer, Judge.

Action by the Santa Clara Valley Mill and Lumber Company against Joseph E. Williams and Mary A. Williams, owners of a building for which plaintiff furnished materials, and O. F. Fuller and E. L. Lashbrook, the contractors, to recover the value of the materials furnished. There was a judgment in favor of the owners, and a personal judgment against the contractors in favor of plaintiff. From the judgment and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

John R. Jarboe and W. S. Goodfellow for appellant; J. R. Patton for respondents.

VANCLIEF, C.—The defendants Joseph and Mary Williams, who are husband and wife, employed the defendants Fuller and Lashbrook to build a dwelling-house, for a price exceeding $1,000, under a written agreement executed before the work was commenced, but the contract was never filed for record in the recorder's office of the county in which the house was to be built. The plaintiff furnished the lumber to be used and which was used in the construction of the house to Fuller and Lashbrook under a contract with them alone. After the house was completed, viz., on April 16, 1889, the plaintiff filed in the office of the county recorder its claim and notice of lien upon the house, to secure an unpaid balance of $2,201.64, due for the lumber furnished to Fuller and Lashbrook. The object of this action is to recover a personal

1 *Cited in the note in Ann. Cas. 1912A, 134, on right to personal judgment in action to foreclose mechanic's lien.*

Cited in the note in 35 L. R. A., N. S., 908, on the effect of the addition of new items to extend time for filing mechanic's lien.

judgment against all the defendants for the amount due plaintiff for lumber, and also to enforce the alleged lien. The court found as a fact that plaintiff's claim and notice of lien had not been filed for record within thirty days after the house was completed, and thereupon denied plaintiff any relief against the defendants Joseph and Mary Williams, and gave judgment in their favor for their costs, but rendered a personal money judgment against the defendants Fuller and Lashbrook for the amount claimed by plaintiff. Plaintiff appeals from the judgment in favor of Joseph and Mary Williams, and from an order denying its motion for a new trial as to them.

1. Appellant contends that the finding that plaintiff's notice of lien was not filed within thirty days after the completion of the house is not justified by the evidence. The evidence is sufficient to show that Fuller and Lashbrook completed their work upon the house on or before March 7, 1889, and that the house was accepted and used by Williams and wife before March 15, 1889, of all which plaintiff had notice. The house, as finished by Fuller and Lashbrook, had upon it an ornament called a "finial," and in it a water-closet. Some time after Fuller and Lashbrook had completed their work, including the finial and water-closet, Williams and wife expressed their dissatisfaction with the finial, because it was not large enough to correspond with the tower, and also complained that the seat in the water-closet was defective; and Mrs. Williams said she would rather pay for a larger finial than not to have it. Thereupon the plaintiff furnished a larger finial, and a satisfactory seat for the closet, which were delivered on March 21, 1889, and were put in place on the house, at the expense of the owners, on April 6, 1889. If the house was not completed until these alterations were made, the notice of lien was filed for record in due time; otherwise not. As to the imperfection of the finial and seat of the water-closet, and the alterations thereof, the court found that they were trivial in comparison with the entire construction of the house. This finding, also, is excepted to, as not being justified by the evidence. It appeared that plaintiff had estimated the price of the finial at $5, and the seat for the closet at $2, while the cost of the house, including the materials therefor, was $4,700. Upon this basis, I

think, the finding in question was justified by the evidence. Every essential part of the building had been constructed prior to March 7, 1889. Only two small items of the work was claimed to be imperfect, and to perfect these required an expense of only $7. Section 1187 of the Code of Civil Procedure provides that "any trivial imperfection in . . . . the construction of any building . . . . shall not be deemed such a lack of completion as to prevent the filing of any lien." In Harlan v. Stufflebeem, 87 Cal. 508, 25 Pac. 686, it was held that a defect in work which could be perfected at an expense of $5 was trivial compared with the contract price of $145. The case of McIntyre v. Trautner, 63 Cal. 429, applies to neither the law nor the facts of this case. In that case the owner refused to accept the work from the contractor until perfectly completed, and the contractor completed the work. In this case the contractors did nothing after they delivered their work; and there is no evidence that they did not complete the house according to the directions and designs of the owners (there being no valid express contract).

2. It is further contended that plaintiff was entitled to a personal judgment against Joseph and Mary Williams, the owners of the building, for the value of the lumber furnished to Fuller and Lashbrook. In the case of Lumber Co. v. Schmitt, 74 Cal. 625, 16 Pac. 516, this point was directly decided against appellant's contention. This is admitted; but counsel for appellant contends that the decision in that case should be overruled. But, as the statute seems fairly susceptible of the construction put upon it by that decision, and since it does not appear that the ends of justice would generally be promoted by the construction proposed by counsel for appellant, I think the decision should stand. I think the judgment and order should be affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.