Bissell, J.,
delivered the opinion of the court.
According to the record presented, John Svard brought suit against Mrs. Lowrey, as the executrix of Charles E. Lowrey, and against Brindlinger and Raikes & Critchfield, to enforce an alleged mechanic’s lien on certain property in an addition to Boulder, and to collect $594.77 as the amount due him and certain of his assignors for work and labor done in the erection of a house thereon. The complaint states that Lowrey in his lifetime made a contract with Brindlinger to construct the buildings. This principal contractor made an agreement with Raikes & Critchfield, whereby they were to do some stone and mason work in putting in the foundation of the buildings, and these subcontractors hired the men whose wages were the subject-matter of the suit. The terms of the lien were stated, the performance of the work, and the sums due, and notice of these claims was alleged to have been given the owner. All the parties defaulted, except the executrix, who took issue. She controverted much of the complaint, and alleged a want of notice, and the case came on for a hearing on .this issue. On the trial the lien was adjudged invalid, but a personal judgment was rendered against the executrix for $93.10, and an execution was ordered.
*358 We are not concerned with the character of the lien or the right of the plaintiff to maintain it, because this was adjudged against him, and no error has been assigned on the ruling. The executrix, however, prosecutes error to reverse the judgment on the general ground that the court was without authority to enter a personal judgment against her because of the plaintiff’s failure to establish his lien. The defendant in error contends that section 15 of the act of 1893, which in general enacts that wherever, on the trial of a cause under the provisions of the mechanic’s lien act, the proceedings will not support a lien, the plaintiff may proceed to judgment as in an action on a contract, which entitles him to preserve his judgment. We cannot so conclude. In one sense the right to the judgment is dependent on the establishment of the lien ; in another, the plaintiff may wholly fail to prove his right to collect his claim out of the res, and yet proceed to judgment against the party or parties whom he has selected as defendants. It is not a rule, however, of universal application. The only legitimate construction to be given that section of the statute is one which will permit the enforcement of the evident legislative intent, which manifestly was to enable the plaintiff to recover whenever, irrespective of the lien act, he is entitled to maintain his action against the defendant. It is quite true several cases are cited from the supreme court which sustain judgments entered against the person who was liable on the contract. The St. Kevin Mining Co. v. Isaacs, 18 Colo. 400; Finch v. Turner, 21 Colo. 287.
These cases, however, do not decide the precise question involved. In both of them the defendants were parties to the original contract, and were liable to the plaintiff because of the employment and the agreement which they had made ; but when, as in this case, there is no privity whatever between the plaintiff and the defendant, and no contract established between them, the plaintiff cannot recover even by virtue of that general provision of the lien act. This has been established in California under a statute almost identi *359 cal with ours, and is recognized by the leading authorities on the subject of mechanics’ liens. The Southern Cal. Lumber Co. v. Schmidtt, 74 Cal. 625; Santa Clara Valley M. & L. Co. v. Williams, 31 Pac. Rep. 1128; Phillips on Mechanics’ Liens, sec. 447.
Under the lien statutes no judgment in personam can be entered against a defendant unless it be expressly authorized by statute. The Colorado statute only permits it when the plaintiff proves a contract on which he may recover regardless of the lien act. According to the record, these laborers were employed by the subcontractors, between whom and the owner of the premises there was no contract. Having failed to establish facts which would entitle him to recover in an action in assumpsit, a personal judgment could not be entered against the estate. The language of the act does not compel any such construction; it does not appear to have been the intent of the legislature. There is no principle of law by which the clause cited can be held to confer on the plaintiff the right to a personal judgment.
The decision of the trial court was not in accord with these views, and it must therefore be reversed.

Reversed.