[Sac. No. 635.    Department Two.—January 29, 1900.]

P. GILLON, Administrator of Estate of Mary McNulty, Deceased, Appellant, v. NORTHERN ASSURANCE COMPANY OF LONDON AND ABERDEEN, Respondent.

FIRE INSURANCE—BREACH OF CONDITION OF POLICY—DEED TO AVOID PROBATE EXPENSES—LOSS AFTER DEATH OF INSURED.—Under a policy of fire insurance containing the usual provisions avoiding the policy in case of change of title in the property insured, a deed made by the insured person a few days before death to a brother in order to avoid probate expenses, without a transfer of the policy, avoids the policy from the time when the deed becomes effective, whether at its date, or at the death of the insured, and no recovery can be had thereupon by the administrator of the insured person for a loss occurring after the death.

ID.—NOTICE OF TRANSFER—GOOD FAITH.—Notice of the transfer given to the agent of the insurance company before the fire, and the good faith of the transfer cannot alter the effect of a violation of the condition of the policy, or aid the administrator of the insured person to recover upon the policy.

ID.—INSURANCE UPON PERSONAL PROPERTY—PREMATURE ACTION—PROOFS OF LOSS.—Where, by the terms of the policy, it was not payable until sixty days after proofs of loss had been received by the company, an action to recover for the loss of personal property insured, brought within the period of sixty days after the presentation of the proofs of loss, is premature, and cannot be maintained.

ID.—WAIVER OF TIME FOR PROOF.—The waiver of time limited for the presentation of proofs of loss is not a waiver of the requirement of proofs, nor of the condition for payment within sixty days after the making of the proofs of loss.

ID.—PLEADING—PRESENTATION OF PROOFS OF LOSS—WAIVER NOT ALLEGED. Where the complaint avers that the proofs of loss were presented more than sixty days before the commencement of the action, and does not aver or count upon a waiver of the proofs of loss, such waiver cannot be relied upon to sustain the action.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial.    A. J. Buckles, Judge.

The facts are stated in the opinion.

John M. Gregory, for Appellant.

Van Ness & Redman, for Respondent.

GRAY, C.—This is an action on a fire insurance policy. The defendant had judgment, and the plaintiff appeals from an order denying him a new trial. The policy was issued to Mary McNulty, and by it her two frame houses and one shed were insured for one thousand and twenty-five dollars, and her household furniture and wearing apparel for three hundred dollars. Thereafter Mary McNulty, by deed, conveyed the said houses and shed and land on which they were situated to her brother, P. Gillon, to avoid the expense of probating her estate. A few days later Mary McNulty died, and thereupon her said brother took possession of said real property and held the same for nearly two months, when the whole of said personal property and two of the buildings were destroyed and the other building was badly damaged by fire. Before the death of his sister Gillon notified defendant's Vallejo agent of the transfer of the buildings to himself, but no transfer of the policy was ever effected. The personal property belonged to Mary McNulty at her death, and when destroyed was a part of her estate. Immediately after the fire, Gillon notified defendant thereof, and an adjuster was sent to ascertain the amount of the loss. During his investigations, the adjuster obtained knowledge of the said transfer to Gillon, and reported the same to defendant. The next thing of importance in reference to the matter occurred between the attorneys for the respective parties. Forty-one days after the fire the attorneys of defendant wrote to the attorneys of plaintiff saying that defendant was not liable for the injury to the buildings, giving reasons therefor, and as to the personal property they said: "We will endeavor to reach a settlement with you in regard to the loss of the personal property as soon as a representative of the estate has been appointed." Nothing further was done until upward of seven months thereafter, when the plaintiff, as administrator, made a demand in writing for the whole amount of the insurance, and to this demand the attorneys for defendant replied by letter, the material part of which is as follows:

"We stated to your attorney, Mr. Hall, as far back as last August, that we were ready to take up for adjustment the loss on

the second and third items of the policy—the personal property—as soon as an administrator of her estate had been appointed. Why you have delayed taking any action in the matter for this long period of time we do not know, and your failure to present the statement and proof required by the policy within sixty days after the loss has probably worked a forfeiture of all rights under the policy. But, without regard to this failure on your part to comply with the terms of the policy, the company is now, as it always has been, ready to settle and pay the loss on the personal property. In order that it may be advised as to the extent and nature of this loss, it will be necessary for you to furnish to the company the verified statement called for by the policy, giving, among other things, an itemized list of the insured furniture and wearing apparel claimed to have been damaged or destroyed by the fire, the cash value of each item thereof, and the amount of loss thereon."

Eighty-five days subsequent to the date of this letter, and one year, lacking seven days, after the fire, the plaintiff for the first time furnished defendant with a proof of loss, and three days thereafter this suit was begun. The policy contained the usual provisions voiding the contract of insurance in case of any change of title in the property insured, requiring proof of loss within sixty days after a fire, and that nothing should be payable until sixty days after such proof of loss had been received by the company. The complaint alleged that "more than sixty days prior to the commencement of this action the defendant was furnished with due proofs of said loss for and on behalf of said estate," and no effort was made to amend such complaint.

1. The conveyance of the buildings by the insured operated to transfer the title in the property to Gillon either at the date of the deed or at the time of the grantor's death. It is unnecessary to consider at which of these dates the title vested in Gillon, for both occurred before the fire. It is not contended that this deed was invalid or that it did not transfer the property to Gillon, but all that appellant says about the clause as to a transfer of title is this: "We claim that the notice to defendant's Vallejo agent before the fire was sufficient to relieve us from the operation of this clause, the transfer being in the best of faith and the risk becoming no greater by the transfer." The

appellant evidently forgets that this suit is brought on behalf of
the estate of Mrs. McNulty, and not on behalf of Gillon.    The
notice of the transfer could in no way assist Mrs. McNulty or
her estate, in recovering insurance on property the title to
which she had parted with contrary to the provisions of the
policy.    Good faith in the transaction could not alter its effect
as a violation of such provisions.

2. The appellant was not entitled to recover for the personal
property for the following reasons: It has been held by this
court in two well-considered cases that a complaint in an action
on a policy of fire insurance, which failed to show that proofs
had been made in accordance with the provisions of the policy
sixty days before action begun, did not state a cause of action on
such policy.    (*Doyle v. Phoenix Ins. Co.*, 44 Cal. 264; *Cowan v.
Phoenix Ins. Co.*, 78 Cal. 181.)    In another case it is held that
a nonsuit was properly granted in an action on a policy similar
to this where the evidence showed that the suit was commenced
before proofs were made.    (*McCormack v. North British Ins.
Co.*, 78 Cal. 469.)    It is undoubtedly the settled law that a suit
commenced within the sixty days, given by the policy for pay-
ment of the loss after proofs are made, is prematurely brought.
This rule is recognized by appellant in his complaint when he
states that due proofs of loss were furnished more than sixty
days before the commencement of this action, but the evidence
and findings are against him on this proposition.    Of course, this
proof of loss may, like any condition in a contract, be waived.
But here, again, both the evidence and the findings as to the
waiver are against appellant's contention.    The denial of liabil-
ity as to the real property, and, coupled with it, the express ad-
mission of liability as to the personal property, could only be
treated as a waiver as to such real property.    It surely could not
be treated as a waiver of proof of loss as to the personal property.
(*Milwaukee etc. Ins. Co. v. Winfield*, 6 Kan. App. 527.)    Section
1486 of the Civil Code, cited by appellant, has no application to
this subject.    The letters in evidence show a waiver only as to
the time within which proofs of loss as to the personal property
may be furnished.    They show no waiver of the making of the
proofs, but, on the contrary, it is insisted in one of them at
least that such proofs be thereafter made, even though the time
for making them under the policy had expired.

There being no waiver of the requirement of proofs of loss as to the personal property, and certainly no waiver of the provision of the policy that the loss was not payable until sixty days after its ascertainment and proof, we think the trial court was right in its conclusions and that the action as to the personal property was prematurely brought.

If the appellant were correct in his contentions as to a waiver being disclosed by the evidence, it is still difficult to see how we could be justified in disturbing the findings and judgment in the case when appellant nowhere in his complaint counts on such waiver, but alleges the actual furnishing of proofs and that they were furnished sixty days before action begun. (*Rogers v. Kimball*, 121 Cal. 247.)

We advise that the order appealed from be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Henshaw, J., Temple, J., McFarland, J.