[Sac. No. 1260.    Department Two.—October 1, 1906.]

## C. SCHINDLER, Respondent, v. THOMAS GREEN et al., Appellants.

Mechanics' Liens—Lien of Contractor—Substantial Compliance—Trivial Imperfection—Question of Fact—Recoupment.—In an action by a contractor to foreclose a lien upon the structure, where there is a substantial completion of the work contracted for in good faith, a trivial imperfection cannot prevent the enforcement of the lien. What constitutes a trivial imperfection is a question of fact in each instance; and if the omission or imperfection is so slight that it cannot be regarded as an integral or substantive part of the original contract, and the other party can be compensated by a recoupment for damages, the contractor does not lose his right of action.

Id. — Contract without Specifications — Building Rooms under Raised House—Windows out of Alignment—Compensation—Findings Conclusive.—Where the contract was without plans or specifications, to do the carpenter-work in raising a house and putting two basement-rooms beneath it, and the findings and judgment were for the plaintiff, a special finding that the two windows placed by plaintiff were out of alignment with those in the upper story, and that such placing of them was not workmanlike, but was a trivial imperfection, which was remedied by the owner at a cost of seven and one half dollars, which sum was deducted from plaintiff's claim, and judgment rendered for the residue, the finding that the imperfection was trivial implies a finding that the work was substantially completed by the contractor in good faith, and such findings, based upon evidence to sustain them, are conclusive.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Peter F. Shields, Judge.

The facts are stated in the opinion of the court.

John D. Moynahan, C. E. Elliott, and Hinkson & Elliott, for Appellants.

R. Platnauer, for Respondent.

LORIGAN, J.—This action is brought by an original con-
tractor against defendants as owners of a lot in the city of
Sacramento, to foreclose a mechanics' lien.  A written con-
tract was made by plaintiff with Annie and Maggie Green,
daughters of defendants in the action, who lived on the
premises with their parents, said defendants, to do the
carpenter-work in making alterations and adding two rooms
to the house in which defendants lived.  The plastering of
the rooms was to be done by another person, under a separate
contract, with which plaintiff had nothing to do.  There were
no regular plans or specifications as to where the doors or
windows in the rooms should be placed, the contract pro-
viding generally that there should be not to exceed six doors
and not to exceed ten windows, and that the new addition
should be built uniformly.  The contract price was $403.50
for all materials and carpenter-work, of which plaintiff was
paid one hundred dollars during the progress of the work.

Defendants refusing payment after the plaintiff claimed
his contract was completed, the latter filed a lien on the prem-
ises, and in due time brought this action to foreclose it in
the amount of $326.50; the twenty-three dollars over the un-
paid contract price of $303.50 being claimed for extra work
and material furnished beyond that provided for in the
written contract.

At the trial plaintiff had judgment as prayed for, and this
appeal is taken by defendants from the judgment and from
an order denying their motion for a new trial.

There are many specifications of error in the transcript
relative to the admission of evidence.  We have given all
of them careful consideration, and do not think any of them
are well taken, or that particular reference to them is required.

Aside from such alleged errors, the main point made by
appellants for a reversal is as to the sufficiency of the evi-
dence to sustain a finding of the lower court relative to two
windows placed in the basement story of the house as built
by plaintiff and the effect of such finding.

The court found as to the windows, ''That the two windows
placed by plaintiff in the front portion of the basement
story of said house were not directly beneath the two front
windows of the upper portion of said house, which upper
portion consisted of the old house after the same had been

CXLIX Cal.—48

raised, and that the placing of such windows in this manner was not workmanlike; and the court finds that the failure of plaintiff to place said windows in the basement in a direct line underneath the two windows of the upper portion of said house is a trivial imperfection.''

The only complaint made relative to the two windows so referred to was that they were not in alignment with the two front windows in the upper story. No other defect relative to them was complained of. This was what the lower court found to be a trivial imperfection, and, relative to it, further found that after the work had been completed by plaintiff defendants caused the position of said two front windows to be changed, and had said windows placed directly underneath the two windows in the upper portion of said house, for which they paid the sum of seven dollars and fifty cents, which the court finds was a reasonable amount to allow the defendants for making such change, and which it deducted from the amount for which the plaintiff sued.

It is insisted by appellants that the evidence does not support that portion of the finding that the failure of plaintiff to place said windows in a direct line with the windows in the upper portion of the house was a trivial imperfection. We do not think this point is well taken. In the last clause of section 1187 of the Code of Civil Procedure it is provided that any trivial imperfection in the work shall not prevent a lien. Whether an imperfection in the work for which a lien is sought is a trivial one or not is to be determined from the facts and circumstances of each particular case. No fixed or inflexible rule upon the point can be laid down. Upon this subject it is said in *Bianchi* v. *Hughes,* 124 Cal. 27, [56 Pac. 610]: '' 'Trivial imperfection,' as used in the code, relates to the question whether or not there has been an actual completion of the building. (*Marble Lime Co.* v. *Lordsburg Hotel Co.,* 96 Cal. 332, [31 Pac. 164].) 'What constitutes a ''trivial imperfection'' is a question of fact in each instance' (*Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, [29 Pac. 629]); and the decision of the trial court thereon cannot be disregarded, unless the party complaining makes it clearly appear to be without any evidence in its support. (*Harlan* v. *Stufflebeem,* 87 Cal. 508, [25 Pac. 686].) The 'trivial imperfections' mentioned in the above

section (sec. 1187, Code Civ. Proc.) refer to imperfect or defective performance of the work upon a building which is claimed to have been completed, and not to a case in which the building is admittedly uncompleted, and workmen are still engaged in constructing substantial portions thereof.'' (See *Santa Monica etc. Co.* v. *Hege,* 119 Cal. 376, [51 Pac. 555].)

And in *Harlan* v. *Stufflebeem,* 87 Cal. 511, [25 Pac. 687] : ''The performance of a contract need not in all cases be literal and exact, in order to entitle a party to compensation therefor. Especially is this the rule in contracts for labor by mechanics or artisans, where the quality of the work done, or the manner of its performance, is the sole matter in dispute, and is to be decided upon conflicting testimony. In contracts for the construction or repair of buildings, a substantial performance of his contract is sufficient to entitle the contractor to compensation for the work done by him under the contract. If there has been no willful departure from its provisions, and no omission of any of its essential parts, and the contractor has in good faith performed all of its substantive terms, he will not be held to have forfeited his right to a recovery by reason of trivial defects or imperfections in the work performed. If the omission or imperfection is so slight that it cannot be regarded as an integral or substantive part of the original contract, and the other party can be compensated therefor by a recoupment for damages, the contractor does not lose his right of action. . . . Whether the contract has been substantially performed is a question of fact which must be determined by the trial court in each instance from the facts and circumstances in that case, and the finding of the trial court upon that point is as conclusive as is its finding of any other fact.''

Now, applying these rules to the matter under review. It is not contended that the plaintiff omitted to put in any windows, which he agreed to place in the basement story, but only that they were placed some inches out of alignment with the windows in the upper story. The court found that this was unworkmanlike. This, however, was not a finding that the plaintiff had failed to substantially perform his contract, but only that the manner of its performance was not workmanlike, with the additional finding, bearing upon such defective alignment of the windows, that it constituted but

a trivial imperfection. And the facts and circumstances in the case warranted the court in so finding, as was the court also warranted in finding (as is implied in the finding that the imperfection was trivial) that in placing the windows where he did plaintiff acted in good faith with the intention of complying fully with his contract.

As we have said, there were no plans or specifications showing where the windows were to be placed, and as testified to by Devine (who drew the contract and was acting as agent for the Green sisters in supervising the building), the plaintiff had to use his best judgment in the construction of the house, and plaintiff testified that in his opinion the placing of the windows was workmanlike, and that he placed them, though not in alignment, so as to give the most furniture space in the room; that he understood when placing them there that he was following the directions given him by Devine and Maggie Green; that during the progress of the work on the house Devine and Maggie Green, who lived in the house with her parents, were about the premises frequently giving orders how the addition thereto should be constructed and directing changes to be made; that at their direction plaintiff changed the windows on the west side of the building, one of them three times; that no request was made to change the windows in dispute until after they had been put in and the plastering done around them, and only then when the plaintiff demanded payment of what he claimed was due him; that the evidence in the case was in fact conflicting as to whether it was or was not good workmanship to place the windows as plaintiff had placed them. The evidence further shows, as found by the court, that the cost of placing the windows in alignment was seven dollars and fifty cents, and there is no pretense that in remedying this deviation by resetting the windows in proper alignment any damage or disfigurement to the building, either from a material or esthetical point of view, was occasioned.

We think these facts warranted the court in finding that the defect complained of was but a trivial imperfection, readily remedied and compensated for out of the contract price, and that such imperfection in the work arose in an attempt in good faith by plaintiff to substantially perform his contract.

As against the good faith of the plaintiff relative to the placing of these windows, it is claimed the evidence shows that he refused to change them when demand was made on him to do so, and that he stated, upon refusal of Devine, as agent of the Greens, to pay him until he did, that he could do better in a lawsuit.

It is true the plaintiff refused to change the windows after he had, as. he claimed, finished the work according to his contract, and the plastering had been put on around them, unless paid additional for it, but this fact would not affect the implied finding of the court that the plaintiff was acting in good faith in claiming that he finished the work as agreed to. This was his claim all along, and if he was mistaken in it, as the imperfection was trivial, his right to a lien was not forfeited thereby. Upon his refusal the defendants had a month before the lien was filed within which they could have had the change in the windows made by another carpenter, or have ascertained what it would cost to do so, and could have tendered the plaintiff what was due him less such expense.

As to the statement that plaintiff said he could do better in a lawsuit. This was testified to by Devine, but it is quite evident from all his testimony that this statement was made by plaintiff while he and Devine were disputing over the claim of plaintiff for extra labor. Devine and the Greens claimed that plaintiff had performed no extra labor, and refused to pay him anything on that account. Devine offered to pay him the balance of the contract price, $303.50 only, and charged him with trying to get by his claim for extra work more than belonged to him. Plaintiff refused to forego his claim for the extra labor, and it was in this connection that the remark about doing better in court was made. The defendants in their answer in this case denied any liability to the plaintiff for such extra work, but the lower court found that his claim for it was just, and allowed it to him, which makes further comment upon his remark about doing better by litigation unnecessary.

We have discussed what we deem the principal point upon this appeal. Other claims are made for a reversal, but we do not think any of them tenable.

The judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.