[S. F. No. 1165.   Department One.—March 15, 1899.]

C. D. BIANCHI, Appellant, v. JOHN C. HUGHES et al., Respondents.

**MECHANICS' LIENS—COMPLETION OF BUILDING—"TRIVIAL IMPERFECTION" —CONSTRUCTION OF CODE.**—"Trivial imperfections," which, under section 1187 of the Code of Civil Procedure, are not to be deemed such a lack of completion of a building as to prevent the filing of any lien thereupon, refer to imperfect or defective performance of the work upon a building which is claimed to be completed, and relate to the question whether or not there has been an actual completion of the building. They do not apply to a case in which the building is uncompleted, and workmen are engaged in constructing substantial portions thereof.

**ID.—QUESTION OF FACT.**—What constitutes a "trivial imperfection" is a question of fact, the decision of which by the trial court cannot be disregarded, unless the party complaining makes it clearly appear to be without any evidence in its support.

ID.—FINDING—NONCOMPLETION OF BUILDING.—A finding that the building was not completed when the claim of lien was filed, carries with it the additional finding that in the opinion of the court the uncompleted portions of the building were not trivial imperfections.

ID.—RELATIVE COST OF UNCOMPLETED PART—SUBSTANTIAL OMISSIONS.— The question whether an omitted portion of a building is a "trivial imperfection" is not to be determined by its relative cost to that of the entire building; but if the omissions are so substantial that the contractor would not have a right of recovery upon his contract until they are supplied, the building is not completed, so that a claim of lien filed thereon can be enforced.

ID.—MARBLE STEPS TO BASEMENT — PREMATURE NOTICE OF LIEN.— The construction of marble steps, by which the basement of the building was to be reached, is a substantial portion of the building, and the absence of the steps is not a trivial imperfection, though the cost of construction thereof was small in comparison with the cost of the entire building; and a notice of lien filed by a materialman upon the building in advance of the construction of such steps is premature, and cannot be enforced.

ID.—CLAIM OF MATERIALMAN—NOTICE TO OWNER—GARNISHMENT OF MONEY DUE CONTRACTOR—CUMULATIVE REMEDY.—The written notice given by a materialman to the owner under the provisions of section 1184 of the Code of Civil Procedure, stating the facts required, and requesting the owner to withhold from the contractor sufficient money to pay his claim, has the effect of a garnishment of the moneys coming to the contractor which are in the hands of the owner, for materials furnished and actually used in the construction of the building. Such notice is merely a cumulative remedy to a person entitled to a lien under section 1183 of the same code.

ID.—MATERIALS AFFIXED TO BUILDING—QUESTION OF FACT.—The question whether the materials furnished, or any portion thereof, were or were not so affixed to the building as to become part of it, is a question of fact to be determined by the trial court upon the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

George C. Sargent, for Appellant.

W. H. Fowler, for George T. Gaden, Assignee, et cetera, of San Francisco Furniture Manufacturing Company, Contractor, Respondent.

Duncan Hayne, for Mrs. A. M. Parrott, Owner, Respondent.

HARRISON, J.—Action for the foreclosure of a mechanic's lien upon the Parrott building in San Francisco.

The court found that the notice of lien was not filed within thirty days after the completion of the building, and rendered judgment in favor of the plaintiff for the amount sued for, but without declaring the same a lien upon the property. The plaintiff contends that the findings are not sustained by the evidence, and appealed from the judgment within sixty days after its rendition, bringing the evidence here in a bill of exceptions. There was no original contractor with the owner for the construction of the entire building, but the owner made contracts with different persons for constructing different portions of the building. In May and also in June, 1896, the owner entered into two contracts, each for a sum greater than one thousand dollars, with the San Francisco Furniture Company for the construction and completion of a portion of the basement of the building. Neither of said contracts or any memorandum thereof was filed with the county recorder. The plaintiff furnished to this corporation a portion of the material for the performance of these contracts, and the present action is for the enforcement of a lien therefor.

1. The court found that he filed a notice of his claim of lien with the county recorder on the 16th of September, 1896, but that it was not filed within thirty days after the completion of the building. It appears from the evidence that the building was not actually completed at that date or for some time thereafter, but it is contended by the appellant that the particulars in which it was uncompleted were but "trivial imperfections," which under section 1187 of the Code of Civil Procedure are "not to be deemed such a lack of completion as to prevent the filing of any lien." The record upon this appeal does not contain the plans and specifications of the building or of the owner's contracts with the furniture company, from which the extent of this incompleteness can be determined by comparison therewith, but it was shown that certain substantial portions of the basement, including a flight of marble steps thereto, were constructed after the above date; and the finding of the court that the building was not then completed carries with it the additional finding that in its opinion the uncompleted portions were not trivial im-

perfections. " 'Trivial imperfection,' as used in the code, relates to the question whether or not there has been an actual completion of the building." (*Marble Lime Co. v. Lordsburg Hotel Co.*, 96 Cal. 332.) "What constitutes a 'trivial imperfection' is a question of fact in each instance" (*Willamette etc. Co. v. Los Angeles College Co.*, 94 Cal. 229); and the decision of the trial court thereon cannot be disregarded, unless the party complaining makes it clearly appear to be without any evidence in its support. (*Harlan v. Stufflebeem*, 87 Cal. 508.) The "trivial imperfections" mentioned in the above section refer to imperfect or defective performance of the work upon a building which is claimed to have been completed, and not to a case in which the building is admittedly uncompleted, and workmen are still engaged in constructing substantial portions thereof. (See *Santa Monica etc. Co. v. Hege*, 119 Cal. 376.) Neither is the question whether an omitted portion of the building is a trivial imperfection, or is a substantial failure in its completion, to be determined by its relative cost to that of the entire building. If the omissions are so substantial that the contractor would not have a right of recovery upon his contract, he cannot enforce a lien therefor. (See *Marchant v. Hayes*, 117 Cal. 669.) The court was, therefore, justified in considering that the marble steps by which the basement was to be reached was a substantial portion of the building rather than a trivial imperfection, even though its cost was small in comparison with the cost of the entire building.

2. After the plaintiff had furnished the materials to the furniture company, and before filing his notice of lien, he served upon the owner a notice in writing under the provisions of section 1184 of the Code of Civil Procedure, stating in general terms that he had performed labor and furnished material in the construction of the building, and also the value thereof, and requesting the owner to withhold from the contractor sufficient money therefor. It is contended by the appellant that by virtue of this notice he is entitled to recover from the owner the amount claimed therein, irrespective of the notice of lien filed with the county recorder. The notice authorized by this section has the effect of a garnishment of the moneys coming to the contractor which are in the hands of the owner, and, in the absence of any

claim upon such moneys in behalf of other lien claimants, the owner will be liable to the materialman or subcontractor for the amount of the claim to the extent of his liability to the contractor. (*Bates v. Santa Barbara Co.,* 90 Cal. 543; *First Nat. Bank v. Perris etc. Dist.,* 107 Cal. 55.) This right to garnishee the moneys of the contractor in the hands of the owner is limited by the terms of the section to "the persons mentioned in section 1183," and is but a cumulative or additional remedy given for the purpose of enforcing in another mode the right for which by section 1183 a lien is authorized upon the property upon which the labor has been performed, or for which the materials were furnished. It does not confer upon them a right to collect from the owner any claim they may have against the contractor for labor and materials other than is conferred elsewhere in the chapter, but provides that, instead of filing with the county recorder a notice of their claim of lien, and enforcing the same against the property, they may intercept the moneys in the hands of the owner, to the extent of their claim, by giving him this notice. The remedy thus provided is limited to the cases in which, by section 1183, the property may be made subject to a lien, and the owner is not required, upon receiving such notice, to withhold from the contractor any moneys in his hands, except for materials furnished for or labor performed upon the property.

The controversy at the trial in the present case was chiefly upon the claim of the plaintiff that all the materials furnished by him were used in the construction of the building. A portion of these articles consisted of marble tops for counters, which were to be used by the tenant of the basement, and it was claimed by the plaintiff that these counters were so constructed as to become fixtures in the building and a part thereof, whereas, on the other hand, it was contended that they were in the nature of furniture for the use of the tenant, and were no part of the building. The court found that all of the base and "a portion of the other marble" furnished by the plaintiff was so affixed and adjusted to said building as to become a part thereof, and that the value of the part of said materials so affixed to the building was six hundred and thirty-four dollars and fifty-three cents, and for this amount gave judgment in his favor against the owner. The

court also found that there was due to the plaintiff under the terms of his contracts with the furniture company the sum of nine hundred and sixty-six dollars and seventy-eight cents. The appellant claims that he was entitled to judgment against the owner for this larger amount.

Whether the materials furnished by the appellant were so affixed to the building as to become a part thereof was a question of fact to be determined by the court upon the evidence before it. It was shown that the floor of the basement was of cement, and that the counters were built upon platforms which were made by laying down strips of wood and nailing the floor to them; that the platforms rested by gravity on the cement floor, and could be taken up and carried away, and that the counters stood upon these platforms; that the floor or platforms to which the counters were nailed was loose, and was not in any way attached to the cement floor of the building. The architect testified that he had examined the work of the plaintiff, and that less than one-half was attached to the building. Other testimony was given upon the subject, the effect of which was to create a decided conflict of evidence upon the question before the court, and we cannot hold that the court erred in its conclusion.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.