[L. A. No. 5319.  Department One.—March 1, 1920.]

# EUGENE RISCHARD, Appellant, v. R. C. MILLER, Respondent.

[1] CONTRACT — SUBSTANTIAL PERFORMANCE — MEANING OF TERM. — If there has been no willful departure from the terms of a contract, and no omission of any of its essential parts, if the contractor has performed in good faith all of its substantive terms, or if the omission is so slight that it cannot be regarded as an integral or substantive part of the contract 'and the other party can be compensated therefor by a 'recoupment in the way of damages, the contractor may recover whatever is due upon the contract less such recoupment, especially in a case where the other party has received the benefit of what has been done and is enjoying the fruits of the work.

[2] ID.—BUILDING CONTRACT—CONVEYANCE OF LOT AS PART PAYMENT OF PRICE—SLIGHT DEFECTS—SPECIFIC PERFORMANCE.—In an action by the owner of a building against the contractor for damages for alleged failure to construct the building according to the plans and specifications, the defendant is entitled to a decree enforcing performance of an agreement set up by way of cross-complaint, whereby the owner agreed to convey a lot in part payment of the contract price, where the defects of construction did not to any appreciable extent affect the use or value of the building, but were capable of being remedied for a small sum which was abated from the agreed price of the lot.

[3] ID.—SPECIFIC PERFORMANCE—PLEADING—ADEQUACY OF PRICE—REASONABLENESS OF CONTRACT.—In such action, the objection that the cross-complaint did not aver that the price fixed for the lot was adequate, or that the contract was just and reasonable to the plaintiff, is without merit, or at all events is not sufficient to warrant a reversal of the judgment, where it does show that the plaintiff himself valued it at the price fixed when he made the contract to convey it, and, by himself suing to enforce the contract, he, in effect, affirmed that it was just and reasonable.

[4] ID.—DEMAND FOR DEED—UNNECESSARY AVERMENT.—In such action, the objection that a demand for the conveyance was not alleged is not a sufficient ground to warrant the reversal of the judgment, since the plaintiff's own suit for damages showed that a formal demand would have been but an idle ceremony.

1. Recovery upon substantial performance of a building contract, notes, 24 L. R. A. (N. S.) 327; 134 Am. St. Rep. 678.

'APPEAL from a judgment of the Superior Court of Los Angeles County. E. P. McDaniel, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Ticknor & Carter, L. L. Riccardi, and J. W. Morin for Appellant.

J. H. Merriam for Respondent.

SHAW, J.—The plaintiff appeals from the judgment.

The complaint alleges that the plaintiff and the defendant made a contract whereby the defendant undertook to construct a dwelling-house on a lot belonging to the plaintiff, in accordance with certain plans and specifications, for the sum of two thousand six hundred dollars; that the defendant had completed the building but had failed to construct it according to the plans and specifications, whereby the plaintiff was damaged in the sum of $1,378.

The answer denies the allegations of the complaint concerning the failure to construct the building as provided in the plans and specifications. The defendant also filed a cross-complaint alleging that by the terms of the contract sued on, the sum of $1,250 of the contract price was to be paid to the defendant by the plaintiff thirty-five days after notice of completion, and that this payment was to be made by the conveyance from the plaintiff to the defendant of a lot adjoining that upon which the building was constructed, free and clear of encumbrance, valued in the contract at $1,250; that the defendant had constructed the building in accordance with the terms of the contract and gave notice of completion thereof to the plaintiff, and that plaintiff had refused to convey to the defendant, as the final payment thereon, the said lot, as he had agreed to do. Thereupon he prayed for a decree enforcing performance of the agreement to convey the said lot to him.

The court made findings in accordance with the allegations of the cross-complaint, and that, although in a few minor and trivial matters the building did not strictly and technically comply with the terms of the contract, the departure was not willful nor intentional on the part of the

defendant, and that the defects were capable of being easily
remedied to conform to the terms of the contract at an ex-
pense not exceeding $99.50. Thereupon the court concluded
that the defendant was entitled to have the contract en-
forced in his favor, with an abatement of $99.50 on the con-
tract price on account of the defects found to exist, by the
conveyance of said lot by the plaintiff to the defendant,
upon the payment by defendant to the plaintiff of the dif-
ference between the sum of $1,250, at which the lot was to
be accepted as payment, and the amount found due and un-
paid on the contract price. Judgment was given accord-
ingly in favor of the defendant for specific performance.

The plaintiff insists that the defects of construction found
by the court were so serious and important to the perform-
ance of the contract that the case does not come within the
rule which allows the enforcement of a contract by one
party where it has been substantially performed by him,
although not completely performed in accordance with its
terms. In *Connell* v. *Higgins,* 170 Cal. 556, [150 Pac. 769],
the court considered this question and quoted a passage from
section 1607 of Elliott on Contracts defining the meaning
of the term "substantial performance," as applied to ques-
tions of this character. [1] The rule there stated is that
if there has been no willful departure from the terms of the
contract, and no omission of any of its essential parts, if the
contractor has performed in good faith all of its substantive
terms, or if the omission is so slight that it cannot be re-
garded as an integral or substantive part of the contract
and the other party can be compensated therefor by a re-
coupment in the way of damages, the contractor may recover
whatever is due upon the contract less such recoupment,
especially in a case where the other party has received the
benefit of what has been done and is enjoying the fruits of
the work.

The defects stated in the findings are all of the character
thus defined. On the foundation wall there was what is
termed a "slight burning of the concrete" at one point,
which could be removed at the cost of $25. There was a
slight settling of the floor around a pillar in one of the
rooms. Ten dollars would have paid for correcting the de-
fect. The pieces of glass in a cabinet door were not of pre-
cisely the size specified in the contract. The change could

have been made for $3.50. Half-inch water-pipe had been used as laterals to connect the service-pipe with half-inch openings in the faucets. Three-quarter inch was specified. The change could have been made for $25. The evidence showed that half-inch pipe was usual in such cases and was as serviceable in all respects as three-quarter inch pipe. In one of the rooms No. 2 flooring had been used instead of No. 1, but it was so clear of all imperfections that the plaintiff himself did not discover it at the time, although he was present when it was being laid. In one of the closets a hat cupboard was specified and was not put in. It could have been put in for $5. A depression in the cement floor on the front porch could have been corrected for $1. These comprise all the defects in the findings for which the $99.50 was involved. [2] The uncontradicted evidence would have supported findings much less favorable to the plaintiff than those made by the court. The defects did not to any appreciable extent affect the use or value of the house as a dwelling place.

[3] The objection that the cross-complaint does not aver that the price fixed for the lot was adequate, or that the contract was just and reasonable to the plaintiff, is without merit, or at all events, not sufficient to warrant a reversal, (Const., art. VI, sec. 4½.) It does show that the plaintiff himself valued it at the price fixed when he made the contract to convey it, and by himself suing to enforce the contract, he, in effect, affirmed that it was just and reasonable. [4] The objection that a demand for the conveyance was not alleged is also and for like reasons insufficient for reversal. It alleges that the plaintiff was given notice that the building was completed and that he refused to convey the lot, as he had agreed to do. His own suit for damages on the ground that the building was not completed shows that a formal demand at the time the cross-complaint was filed would have been but an idle ceremony. In such a case an averment of a demand for a deed is unnecessary. (*Gray v. Dougherty*, 25 Cal. 281.)

We find no ground upon which the appeal can be sustained.

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.