[L. A. No. 6432. In Bank.—March 28, 1921.]

HAMMOND LUMBER COMPANY (a Corporation), Plaintiff and Appellant, v. M. S. YEAGER, Defendant; CORNELIA J. WOODS et al., Defendants and Respondents.

[1] MECHANIC'S LIEN — COMPLETION OF BUILDING — QUESTION OF FACT. Under the mechanic's lien law, the question as to whether or not a building has been completed is a question of fact and not a question of law.

[2] ID.—Trivial Imperfections in Work—Question of Fact—Conclusiveness of Finding.—The question as to what constitutes a trivial imperfection in the work within the meaning of section 1187 of the Code of Civil Procedure, which provides that any such imperfection shall not be deemed such a lack of completion as to prevent the filing of any lien, is one of fact to be determined by the trial court under the conditions and circumstances of each case, and its finding can only be overturned when it can be said that there is no substantial evidence to support it.

[3] ID. — Defects not Permitting Recovery for Substantial Performance—Trivial Imperfections.—Any imperfections in the performance of the work which are of so trivial a character as to permit the contractor to recover for substantial performance, notwithstanding the defects, are trivial imperfections within the meaning of section 1187 of the Code of Civil Procedure.

[4] ID.—Acceptance and Occupancy — Subsequent Replacement of Defective Wood-stone Work—Time of Completion.—The time of completion of a building by acceptance and occupancy is not affected by the subsequent removal and replacement of defective wood-stone work at a cost of $35.50, instead of the payment of damages in that amount by way of deduction from the contract price, and liens filed within ninety days after the replacement work, but not filed within ninety days after acceptance and occupancy, are not filed in time.

[5] ID.—Time of Completion of Building—Representations of Contractor to Materialman—Nonestoppel of Owner.—A contractor is not the agent of the owner in the fixing of the date of the completion of the building, notwithstanding the portion of section 1183 of the Code of Civil Procedure which provides the contractor shall be held to be the agent of the owner for the purposes of the chapter, and representations made by the contractor to a materialman as to the date of the completion are not binding upon the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. L. Horton for Appellant.

George W. McDill for Respondents.

---

3. General rule as to recovery upon substantial performance of a building contract, note, 24 L. R. A. (N. S.) 332.

WILBUR, J.—The plaintiff brought this action to foreclose a mechanic's lien for the value of building materials furnished to defendant Yeager as contractor for the construction of a dwelling-house on the real property of the defendants Woods.

The cause of action was fully maintained under the evidence, with the exception that it was found that plaintiff's claim of lien was not filed in time, and judgment was rendered for the defendant.

The controversy on this point arises upon a dispute as to the time of the completion of the contract. The trial court found that the plaintiff's contract for furnishing materials was fully performed and completed on or about the twentieth day of September, 1917, and that the building was completed on the twenty-eighth day of September, 1917, and that the defendants Woods paid the contractor, Yeager, the completion payment under the contract for the erection of said building on the said twenty-eighth day of September, 1917, and that said defendants Woods accepted said building as completed and entered into its use and occupation on said date, and ever since said date have continuously occupied and used said building for the purpose for which it was built, to wit, as their private home; that no notice of completion of the construction of such building has ever been filed of record, but that more than ninety days since the said completion of said building has elapsed before the date of filing of the mechanic's lien sued upon herein.

Section 1187 of the Code of Civil Procedure provides: " . . . and, in all cases, any of the following shall be deemed equivalent to a completion for all the purposes of this chapter: the occupation or use of a building, improvement, or structure, by the owner, or his representative; or the acceptance by said owner or said agent, of said building, improvement, or structure, or cessation from labor for thirty days upon any contract or upon any building, improvement or structure or the alteration, addition to, or repair thereof; the filing of the notice hereinafter provided for. . . . "

In the case at bar the evidence is undisputed that the defendants accepted the building as completed on the twenty-eighth day of September, 1917, and on that date entered into the possession and occupancy thereof and had

continued at all times subsequent thereto to occupy the same as their home.

Appellant's contention that the building was not completed until the twenty-sixth day of October, 1917, is based upon the undisputed fact that after such acceptance and occupancy it was discovered by the contractor that certain wood-stone work constituting the floor of the bathroom and the sinks in the kitchen, composed of a chemical composition, were defective by reason of the fact that the chemicals were improperly mixed. The contractor, believing and claiming that such work would rapidly deteriorate, persuaded both the owner and the subcontractor who laid the wood-stone work to replace the same. The work of replacement was completed October 26, 1917. The appellant's contention is that the removal of the defective work and its replacement was a part of the original contract and that the time for filing liens began at the time the work was finally replaced by good material, and that, therefore, its claim of lien having been filed within ninety days after October 26, 1917, it was filed in time.

[1] The question as to whether or not a building has been completed is a question of fact and not a question of law. It is provided in section 1187 of the Code of Civil Procedure that "Any trivial imperfection in the said work, or in the completion of any contract by any lien claimant, or in the construction of any building, improvement or structure, or of the alteration, addition to, or repair thereof, shall not be deemed such a lack of completion as to prevent the filing of any lien; . . . " [2] What constitutes a trivial imperfection is a question of fact to be determined by the trial court under the conditions and circumstances of each case (*Willamette etc. Co.* v. *College Co.,* 94 Cal. 229, 238, [29 Pac. 620]; *Bianchi* v. *Hughes,* 124 Cal. 24, 27, [56 Pac. 610]). This finding can only be overturned when it can be said that there is no substantial evidence to support it (*Harlan* v. *Stufflebeem,* 87 Cal. 508, [25 Pac. 686]; *Schindler* v. *Green,* 149 Cal. 752, 755, [87 Pac. 626]). [3] No doubt any imperfections in the performance of the work which were of so trivial a character as to permit the contractor to recover for substantial performance notwithstanding such defects would be trivial imperfections within the meaning of section 1187 of the Code of Civil Procedure.

This was the view of the court in *Willamette etc. Co.* v.
*College Co., supra.* "In the absence of any statutory qual-
ifications or definition of the term 'completion,' there would
be no room for its construction by the court, but it would
be construed to mean actual completion, and would be a
question of fact to be determined in each case.  The statute
has, however, provided that a substantial completion is all
that is required in any case, whether the work be done at the
direct instance of the owner, or under the provisions of
a contract between him and an original contractor, by de-
claring that a 'trivial imperfection' shall not be deemed such
a lack of completion as to prevent the filing of a lien."

There have been a number of recent decisions by this court
upon the subject of substantial compliance in the case of
building contracts and there has been a tendency to a more
liberal view of that subject than formerly.  These cases are
cited in the recent case of *Thomas Haverty Co.* v. *Jones,
ante,* p. 285, [197 Pac. 105].  In the case of *Rischard*
v. *Miller,* 182 Cal. 351, [188 Pac. 50], the contractor was
allowed to recover for a substantial performance of the con-
tract although there were much more serious imperfections
than in the case at bar.  It is clear from the foregoing cases
that the trial court was justified in finding that there was a
substantial performance of the contract on September 20th.
This performance was followed by acceptance and occupancy
and payment of the installment due upon the completion of
the building on September 28th.

[4]  That the contractor subsequently replaced the work
defectively done at a cost of $35.50, instead of paying dam-
ages in that amount by way of deduction from the contract
price, does not alter the fact that the work had been sub-
stantially completed on September 20th and accepted as such
on September 28th.

We conclude, therefore, that the finding of the trial court
that the building was completed September 20, 1917, is sus-
tained by the evidence.

Appellant also claims that the defendants are estopped
from contending that the 26th of October is not the date of
completion because of certain conversations between appel-
lant and the contractor with relation to the completion of
the building.  These conversations were testified to by R. C.
Johnson, collector and credit man for the appellant.  He

testified as follows: "I presented our bill to Mr. Yeager, and he said that he could not pay us for the reason that the wood-stone work that had been put in was very poor, and that he would have to have that replaced before he could— before the Woods would accept the job, and before he could get his payments from them." He also testified that on October 27, 1917, he again presented his account to the contractor, and the contractor said: "the wood-stone people had just replaced their work, and that undoubtedly now he would be able to get the job accepted, and have our money for us very shortly. . . . He said that the job had been completed the day before, that is, on the 26th of October. . . . " The witness also testified that shortly before filing the claim of lien he again saw Mr. Yeager and told him "that the account was long past due, and our time for filing the lien was getting rather short, and that we must insist on his paying it or the lien would be filed; and I told him that on account of his past business relations with us we didn't care to file a lien if there was any opportunity for him to get the money and pay it, and he said, 'Well, I will tell you what you do, Johnson: you hold that off as long as possible, if you do have to file a lien, and you can collect from the Woods, why, if there is a deficiency, why, I will give Woods my note for the deficiency.' I told him we insisted upon being paid in full." Johnson also testified that he relied upon the date given him by Yeager.

[5] Appellant's claim is that the contractor was the agent of the owner and that his representations were consequently binding upon the owner and operated to estop the owner from claiming that October 26th was not the date of completion. This contention is based upon that portion of section 1183 of the Code of Civil Procedure reading as follows: " . . . every contractor, subcontractor, architect, builder or other person having charge of the construction, alteration, addition to or repair either in whole or in part of any building, or other improvement as aforesaid shall be held to be the agent of the owner for the purposes of this chapter." There is nothing in the chapter which requires the owner to inform the materialmen as to the date of the completion other than by filing a notice of completion. The statute does not purport to give authority to a contractor or architect to represent the owner in fixing the date of

completion. The interests of the contractor and owner with reference to the date of completion are hostile, and it is apparent from the record in this case that the contractor was acting in his own interest in endeavoring to hold off appellant's lien until after he had obtained his thirty-five day payment. Our view concerning the limited nature of the contractor's agency is in accord with the views of the supreme courts of Washington, Oregon, and Idaho (*Whittier* v. *Puget Sound etc. Co.*, 4 Wash. 666, [31 Am. St. Rep. 944, 30 Pac. 1094]; *Fitz* v. *Howitt*, 32 Or. 396, [52 Pac. 192]; *Valley Lumber Co.* v. *Nickerson*, 13 Idaho, 682, [93 Pac. 24]). The owner is not estopped by the representations.

There is nothing in the point that the owner by withholding and refusing to pay the contractor the thirty-five day payment under his contract until he had settled with all lien claimants, including the plaintiff, was a "cotemporaneous construction" by the parties to the contract that the building was not accepted until October 26, 1917.

Judgment affirmed.

Shaw, J., Lennon, J., Olney, J., Lawlor, J., and Angellotti, C. J., concurred.