[Civ. No. 3930. First Appellate District, Division One.—September 21, 1921.]

## HENRY CONRAD, Respondent, v. WILHELMINE FOERST, Appellant.

[1] BUILDING CONTRACT — SUBSTANTIAL PERFORMANCE.—The principle that one who has acted by virtue of a written contract has no right of recovery unless he can show that he has completed his contract or that completion has been waived or excused has no application to a building contract where the changes or omissions complained of are either ordered by the architect or are trivial in character.

[2] ID.—TRIVIAL DEFECTS—EFFECT OF.—A contractor who has substantially performed his contract will not be held to have forfeited his right to recovery by reason of trivial defects or imperfections in the work performed.

[3] ID.—QUESTION OF FACT.—What constitutes trivial imperfections is a question of fact and the decision of the trial court upon proper evidence cannot be reviewed on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. J. Castelhun for Appellant.

Leon Samuels and Chas. J. McDonnell for Respondent.

KERRIGAN, J.—Action to foreclose a mechanic's lien. Plaintiff contracted with defendant to furnish all the work on a two-story and basement frame building with certain exceptions for the sum of $4,644, payable at specified times as the work progressed. Plaintiff entered upon the performance of the contract, and thereafter, so it is alleged, completed all the conditions on his part to be performed. Notice of completion of work was filed, and thereafter the architect delivered to plaintiff a certificate that the last payment mentioned in the contract was due. This payment amounted to the sum of $1,164. Plaintiff also claimed the further sum of $112, alleged to be the reasonable value of certain extra work ordered by defend-

ant. The sum of $600 was paid by defendant upon these claims, leaving a balance due thereon of $676, for which sum plaintiff filed his claim of lien. The amount not being paid, this action was brought to recover the same.

Defendant, answering, alleged that plaintiff had not performed all the conditions of the contract, and charged that the building was not completed in a good and workmanlike manner as required by the contract, and further that the building was never completed. The answer specifies twenty-four particulars wherein it is alleged that the plaintiff failed to construct the building in accordance with the plans and specifications. Then follows a cross-complaint by which defendant seeks to recover from plaintiff an amount in excess of one-half of the entire cost of the building for alleged defects and delay in its construction.

The trial court found that all the alleged objections and defects were of a trivial nature and that the same could be readily remedied and repaired at a cost not exceeding $30. After signing the findings and decision, however, the court ordered and the respondent stipulated that the judgment provided for by the findings should be reduced, and that the sum of $76 thereof should be remitted. Accordingly, judgment was entered for the sum of $600, from which judgment defendant appeals.

[1] It is here contended that, as the plaintiff never completed his contract in strict compliance with the plans, drawings, and specifications, the law will not permit him to recover on the contract for the reason that his pleadings do not recite that any departures therefrom were either waived or justified by defendant's conduct. We are cited to the case of *Herdal* v. *Sheehy,* 173 Cal. 163, [159 Pac. 422], as supporting this contention. It is true that it is there held that one who has acted by virtue of a written contract has no right of recovery unless he can show that he has completed his contract or that completion had been waived or excused. This principle, however, has no application to the instant case. One of the provisions of the contract stipulated that should the owner or the architect at any time during the progress of the work request any alterations or deviations in the work provided for, either of them should be at liberty to do so, and that the same should in no manner affect the contract but that the same should be

held to be completed when the work was finished in accordance with the original plans as amended by such changes. There was a conflict in the evidence upon the subject as to the completion of the building according to the plans and specifications, but it is sufficient to support the finding of the trial court that the changes or omissions complained of were either ordered by the architect or were trivial in character. [2] A contractor who has substantially performed his contract will not be held to have forfeited his right to recovery by reason of trivial defects or imperfections in the work performed. (*Connell* v. *Higgins,* 170 Cal. 541, [150 Pac. 769]; *Schindler* v. *Green,* 149 Cal. 752, [87 Pac. 626].) [3] What constitutes "trivial imperfections" is a question of fact in each case, and the decision of the trial court upon proper evidence cannot be reviewed here. (*Bianchi* v. *Hughes,* 124 Cal. 27, [56 Pac. 610].)

Respondent also claims that the certificate issued by the architect, who had power to accept or reject the work, is binding and conclusive against appellant. He also claims that the lower court was without jurisdiction to settle appellant's bill of exceptions for the reason that it was presented too late. Considering the conclusion we have reached a discussion of these questions can answer no useful purpose.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 17, 1921.

All the Justices concurred, except Lawlor, J., who was absent.