[Civ. No. 3877.  First Appellate District, Division One.—September 23, 1921.]

# HERMANN HALLENSLEBEN, Respondent, v. HEINE PIANO COMPANY, Appellant.

[1] Novation—Essentials.—Novation is the substitution of a new obligation for an existing one, and such substitution must be with intent to extinguish the old obligation.

[2] Id.—Contract for Installation of Elevators—Remedy of Defects—Deposit of Balance Due With Instructions—Agreement Not a Novation.—An agreement by a contractor to remedy certain claimed defects in his work in installing elevators on condition that the owner deposit with a third party certified checks

for the balances due the contractor to be turned over to the latter upon such defects being remedied to the satisfaction of the architects, did not constitute a novation in the absence of an agreement waiving the owner's original obligation.

[3] ID.—SUBSTANTIAL COMPLIANCE—SUFFICIENCY OF.—Substantial compliance with such an agreement by the contractor is sufficient.

[4] ID.—AGREEMENT NOT AN ACCORD AND SATISFACTION.—Such an agreement did not constitute an accord and satisfaction, since there was no agreement by the contractor to accept anything different or less than the amount due, and in view of the fact that the checks were not turned over to him but were returned by the depositary to the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. W. M. Finch, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Werner Olschewski, Frederick Olschewski and Lee M. Olds for Appellant.

G. R. Perkins for Respondent.

RICHARDS, J.—This is an appeal by the defendant from a money judgment in favor of the plaintiff. The parties had entered into a written contract by which the plaintiff undertook to perform certain work in connection with the installation of the elevators in a building being erected by the defendant. The plaintiff, as he claimed, completed the work and had received certain payments thereon, leaving a balance due of $385.77. There were also due him two small items of seven dollars and $4.50 for extra work. The defendant refused to pay these sums until the plaintiff had remedied certain claimed defects in the work, but on condition that he do so offered to deposit with a third party certified checks for the several amounts claimed by the plaintiff, to be turned over to him upon such compliance. The plaintiff agreed to the course suggested. Thereupon the defendant wrote and delivered to the Pacific Elevator and Equipment Company the following letter:

"April 22, 1920.

"Gentlemen:—

"We enclose you herewith three checks for the sum of $397.27, payable to Herman Hallensleben. Will you please upon the following conditions being performed deliver said checks to Herman Hallensleben and require him to sign a receipt which is also enclosed herewith.

"Conditions.

[Here follow seven specifications of defects claimed to exist in plaintiff's work.]

"(8) Upon said work being properly done and done in a good workmanlike manner, and upon said work being done to the satisfaction of Shea & Lofquist, architects for said building, and upon the same being pronounced as properly done by the Pacific Elevator & Equipment Co. . . .

"If Mr. Hallensleben does not perform the conditions herein set forth you are to return the hereinbefore mentioned checks to the Heine Piano Co. without delay."

Thereafter the plaintiff having, as he claimed, complied with the conditions of this letter, demanded of the Pacific Elevator & Equipment Company that it deliver said checks to him; but the additional work not being entirely satisfactory to the persons named under condition numbered 8 of said writing, the said company refused such demand and returned the certified checks to the defendant.

Upon the trial the court found that the plaintiff had, with one trifling exception, fulfilled the so-called conditions to the letter, and rendered its judgment in plaintiff's favor for the aggregate amount of said certified checks less the sum of $10, which latter sum it found to be the reasonable cost of bringing the work to the desired state of perfection.

In support of its appeal the defendant contends first that the letter of April 22, 1920, written by it to the Pacific Elevator & Equipment Company, to the terms of which the plaintiff had orally agreed, constitutes a novation of the original contract between the parties, and that it was error on the part of the trial court to found its judgment upon the original contract, if in fact it did so.

With this contention we are not able to agree. [1] Novation is the substitution of a new obligation for an existing one; and such substitution must be with intent to extinguish the old obligation (Civ. Code, secs. 1530, 1531; *Young* v. *Benton,* 21 Cal. App. 382, [131 Pac. 1051]; 29 Cyc. 1130). [2] The evidence in this case contains nothing to show that the plaintiff ever agreed to waive the defendant's original obligation to him. Indeed, it is quite plain that he regarded the deposit by the defendant with the Pacific Elevator & Equipment Company of the three certified checks as the method adopted by it for the discharge of that obligation; and it is also plain from the evidence that the plaintiff's oral agreement to remedy the defects in his work claimed by the defendant to exist was simply for the purpose of securing payment of the amount claimed by him to be due under his original contract.

We think, also, there was no substitution of a new obligation for an existing one. The defendant's obligation under the original agreement was to pay to the plaintiff $397.27 upon the completion of the work specified in its contract including the trifling amount of extra work, and this is precisely what it purported to do by its written instructions to its depositary. Nor was the plaintiff's obligation changed, since the so-called conditions referred merely to matters which the defendant itself claimed were defects in the performance of the written contract between the parties.

The essentials of a novation are entirely lacking in the present transaction.

[3] It is also contended by the appellant in the same connection that the evidence shows that the plaintiff did not comply with the conditions of the letter of April 22, 1920, so as to entitle him to be paid the amount of the certified checks. The court, as we have seen, found a substantial compliance, which finding is abundantly supported by the evidence. A substantial compliance was sufficient. (*Connell* v. *Higgins,* 170 Cal. 556, [150 Pac. 769]; *Rischard* v. *Miller,* 182 Cal. 351, [188 Pac. 50]; *Collins* v. *Ramish,* 182 Cal. 360, [188 Pac. 550].)

The appellant's next contention that, having deposited the certified checks, it had done all that it was required

to do, and hence that it was not a proper party defendant, depends upon the establishment of the appellant's first proposition, which having fallen, this must fall with it.

Finally, the appellant urges that the letter of April, 1920, written by it to the Pacific Elevator & Equipment Company, outlining the conditions under which the certified checks were to be delivered to the plaintiff, and the plaintiff's verbal acquiescence in those conditions, constituted an accord and satisfaction.

[4] We think this contention even wider of the mark than that of novation. "An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled" (Civ. Code, sec. 1521); and satisfaction is the acceptance by the creditor of the consideration specified in the accord (Civ. Code, sec. 1523). Here there was no agreement by the plaintiff to accept anything different or less than the amount claimed to be due to him; and the element of satisfaction is entirely lacking, since the certified checks were not turned over to the plaintiff but were returned by the depositary to the defendant.

We find no merit in the appeal.   Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1921.

All the Justices concurred.