[Civ. No. 4861. Second Appellate District, Division One.—June 28, 1927.]

W. M. SHUMWAY, Respondent, v. LAURAINE WOOL-WINE et al., Appellants.

221

Porter C. Blackburn and H. H. Atkinson for Appellants.

Courtney A. Teel for Respondent.

McLUCAS, J., *pro tem.*—Defendants appeal from a judgment in a suit for foreclosure of a mechanic's lien.

Plaintiff entered into a cost-plus agreement with defendants for the construction of a residence, under the terms of which plaintiff was to receive as compensation ten per cent of the total cost of labor and material. On April 8, 1922, defendants Woolwine moved into and took possession of the residence, when some of the fixtures were not installed and some of the interior decorating had not been completed by reason of the dampness of the walls. It was agreed the decorators would finish this work during the summer after the walls had dried out. According to the evidence, this decorating was an extra contract, the original contract providing for plain tinting only. Mrs. Woolwine testified that she contracted with the painters for the extra decorating. The installation of the fixtures was completed soon after April 8th, but the decorating was never completed, although the decorators offered to finish the work after plaintiff had filed his lien on June 22, 1922. No notice of completion was ever filed.

The complaint alleges completion of the work on April 8, 1922. The court found:

"That pursuant to the terms of said contract and as directed by the said defendants, Lauraine Woolwine, J. E. Woolwine and B. L. Harding, plaintiff caused said building and improvements to be constructed to the state of completion and that plaintiff duly performed pursuant to said contract all things upon his part to have been performed, and that said building and improvements were not entirely finished and completed on the 25th day of April, 1922; that defendants Lauraine Woolwine and J. E. Woolwine took possession of, and occupied and used said building and improvements on or about the 8th day of April, 1922, and have continued said use and occupancy at all times since said April 8th, 1922; that said use and occupancy has been entire and exclusive since said April 25th, 1922; that all work and labor on said building and improvements completely ceased on said last mentioned date and that no notice of completion thereof has ever been filed by defendants or any of them, or by any one else.

"That prior to aforesaid completion and during the course of the construction of said building and improvements, defendant Lauraine Woolwine personally had dealings with

and gave orders and instructions to the painters and decorators on said building and improvements for the performance of about $800.00 worth of extra work over and above the original contract for same; that on or about April 7th, 1922, defendant Lauraine Woolwine and said painting and decorating contractors agreed, with the approval of plaintiff, to temporarily finish said painting and decorating otherwise than as provided by said extra contract for same, and the said painters and decorators agreed with defendant Lauraine Woolwine to refinish and complete same as agreed in and by said extra contract, during the summer of 1922; that through no fault of plaintiff's, said painters have not completed said painting and decorating; that said painters offered so to do during August of 1922 but defendant Lauraine Woolwine refused to permit them to refinish said painting and decorating pursuant to said extra contract as aforesaid, or at all; that the reasonable value of said painting and decorating agreed to be done during said summer of 1922 was and is the sum of $160.00, which said sum was withheld by defendants from said painting and decorating contractors as aforesaid; that said noncompletion of said building and painting is trivial in character and that defendants can be compensated therefor by an allowance of said sum of $160.00.

"That plaintiff by inadvertence included within his claim of lien aforesaid amount of $160.00; that said claim for work and materials not furnished was not wilfully made nor was said claim made with any intent to falsify nor to defraud defendants or any of them."

Appellants urge that plaintiff failed to complete the work undertaken, and therefore cannot recover. We cannot agree with this contention. Under the evidence, the work of the original contract was substantially completed when defendants Woolwine entered into possession. Substantial completion is completion. In *J. Musto etc. Co.* v. *Pacific States Corp.*, 48 Cal. App. 452 [192 Pac. 138, 140], the court said (page 458) : "As to such character of contracts the law is well settled that a substantial performance of all the essential parts thereof, had in good faith, will entitle the contractor to recover the contract price, less compensation to the owner by way of recoupment for any damage resulting from trivial defects and imperfections

due to inadvertence and not affecting substantive parts of the contract. This is especially true where, as in this case, the owner has received the benefit of what has been done and is enjoying the fruits of the work. (*Connell* v. *Higgins*, 170 Cal. 556 [150 Pac. 769]; *Rischard* v. *Miller*, 182 Cal. 351 [188 Pac. 50]; *Collins* v. *Ramish*, 182 Cal. 360 [188 Pac. 550]; *Morris* v. *Hokosona*, 26 Colo. App. 251 [143 Pac. 826]; *Omaha Water Co.* v. *City of Omaha*, 156 Fed. 922 [85 C. C. A. 54].)" To the same effect, see *Hallensleben* v. *Heine Piano Co.*, 54 Cal. App. 925 [201 Pac. 942]; *Thomas Haverty Co.* v. *Jones*, 185 Cal. 285, 289 [197 Pac. 105]; *Hammond Lumber Co.* v. *Yeager*, 185 Cal. 355 [197 Pac. 111].

 Appellants urge that the special finding that the building was not entirely completed on the twenty-fifth day of April, 1922, will control the general finding of completion. Even though the probative findings were inconsistent with the ultimate findings of completion in accordance with the contract, the latter would control. (*J. Musto etc. Co.* v. *Pacific States Corp.*, supra; *Perry* v. *Quackenbush*, 105 Cal. 299 [38 Pac. 750].)

 Appellants' next contention is that there is no evidence to justify the finding of a constructive completion of the building for the reason that occupation of an uncompleted building does not constitute constructive completion. Section 1187 of the Code of Civil Procedure provides that the occupation and use of a building by the owner for more than thirty days, accompanied by cessation of labor thereon, shall be deemed equivalent to completion. Appellants' argument that the lien was premature is based upon the assumption that the work was not completed. As we have seen, there was sufficient evidence to support the finding of the court that the building was substantially completed, and there was occupancy, together with cessation of labor for more than thirty days before the filing of the lien.

 It is claimed by appellants that there is no evidence to support the finding that the building was completed. Such claim is without merit, where the evidence shows that the work was substantially finished except the contract for extra decorating entered into directly by one of the defendants and the decorators. Under the circumstances in

the case at bar, where the unfinished work was to be done under a contract for extras which could not be performed until the dampened walls had dried out, and where it appeared that the reasonable value of the unfinished decorating was the sum of $160, as compared with the sum of approximately $22,000 as the reasonable value of the entire work done under the contract, we conclude that the trial court was justified in finding that the said noncompletion was trivial in character. What constitutes a trivial imperfection is a question of fact to be determined by the trial court under the conditions and circumstances of each case; and this finding can only be overturned when it can be said that there is no substantial evidence to support it. (*Hammond Lumber Co.* v. *Yeager*, 185 Cal. 355, 358 [197 Pac. 111].)

Plaintiff erroneously included the cost of the uncompleted work in his lien. As plaintiff made no claim for this sum at the trial, we see no error in the finding of the trial court that this claim had been made inadvertently. Neither did the filing of such lien inadvertently including the said sum invalidate the lien, as there was no evidence that this amount was wilfully included. Under the provisions of section 1202 of the Code of Civil Procedure a lien is not forfeited unless a person shall wilfully include in his claim under section 1187 of the Code of Civil Procedure work or materials not performed or furnished for the property described in the claim.

Appellants rely upon an alleged fatal variance between the pleadings and the proof. The complaint alleged that plaintiff duly performed all things provided in said agreement to be performed on his part. In addition to the general finding of completion of the building, the court found specially that defendant Lauraine Woolwine ordered extras from the painters and decorators, as appears from the findings hereinbefore quoted. Appellants cite the case of *Herdal* v. *Sheehy*, 173 Cal. 165 [159 Pac. 422], as authority for the rule that if the plaintiff relies upon an excuse for nonperformance, he should plead both nonperformance and the excuse, instead of alleging performance. This rule does not apply to a case of substantial performance where the incompletion is trivial in character, as in the case at bar. (*Smith* v. *Mathews Construction Co.*, 179 Cal.

797 [179 Pac. 205]; *Conrad* v. *Foerst*, 54 Cal. App. 277 [201 Pac. 795].)

An examination of the record discloses that appellants' claim that there is no evidence to justify the finding of contractual relation for extra work between defendant Lauraine Woolwine and the decorators is without merit. Neither do we find any variance between the lien and the proof. The evidence supported the finding of the court that there was substantial completion. The finding was upon the express contract as stated in the lien, and not upon *quantum meruit,* as claimed by appellants.

Appellants further contend that there is no evidence to justify the court's findings that plaintiff performed all things on his part to have been performed, and that there was a fatal inconsistency in the findings for the reason that the court found that the uncompleted portions of the contract were trivial in character. A discussion of these further contentions becomes unnecessary by reason of our conclusions heretofore stated.

It is ordered that the judgment be affirmed.

Houser, Acting P. J., and York, J., concurred.