[Civ. No. 4442. Third Appellate District.—December 3, 1931.]

HALE GRETTENBERG, Plaintiff and Respondent, v. PADDOCK COLLMAN et al., Defendants and Respondents; PACIFIC READY CUT HOMES, INC. (a Corporation), Appellant (and Consolidated Cases).

Andrew J. Copp, Jr., for Appellant.

Nelson D. Miller, John L. Schaeffer, Howard Hemenway, W. Cloyd Snyder, Leon V. Everhart, Glen Behymer and Victor H. Koenig for Respondents.

THOMPSON (R. L.), J.—This is an appeal on the part of Pacific Ready Cut Homes, Inc., from a judgment which

was rendered in several consolidated cases, denying the validity of appellant's alleged mechanic's lien.

The plaintiff brought suit to foreclose a mortgage on lot 4 of tract number 4799, in the county of Los Angeles, which was executed to secure the payment of a promissory note for the sum of $9,000. The owner of the land, the appellant and several other mechanic lienholders were made parties to the action. In November, 1925, the construction of a dwelling-house was commenced on the property. Subsequent to the filing of the suit for mortgage foreclosure above mentioned, the appellant and three other mechanic lien claimants commenced separate actions to foreclose their liens. These five actions were consolidated and tried together. Findings were adopted by the court and a judgment of foreclosure was entered in favor of each of the plaintiffs in these several actions, except the appellant, Pacific Ready Cut Homes, Inc., a corporation, which was awarded a judgment in the sum of $3,147.75, but was denied a lien upon the property as security for the payment of this debt. From this judgment the defendant Pacific Ready Cut Homes, Inc., a corporation, has appealed.

The only question which is involved in this appeal is the contention that the findings of the court to the effect that the appellant's lien was recorded under section 1187 of the Code of Civil Procedure more than ninety days after the completion of the building, is not supported by the evidence. There is some conflict regarding the actual date of completion. It is conceded the appellant delivered the materials for which judgment was rendered in its favor; that they were actually used in the structure and that they were reasonably worth the sum which was allowed therefor. The owner of the property failed to file the notice of completion of the building which is authorized by section 1187, *supra.* That section provided in part:

"In case such notice be not so filed, then all persons claiming the benefit of this chapter, shall have ninety days after the completion of said improvement within which to file their claims of lien."

A notice of lien for the same materials which are here involved was filed in behalf of the appellant on May 7, 1926. This notice was fatally defective because it described the wrong property. The notice upon which the appellant

relies to establish its lien in the present action was filed for record September 2, 1926. The court found that the building in question was completed June 3, 1926. If there is substantial evidence in the record to support this finding, then the appellant's notice of lien was filed too late to afford the relief which was sought thereby.

From a careful examination of the record we are satisfied there is ample evidence to support the finding that the building and improvements were actually completed on June 3, 1926. Several witnesses testified to that effect. Mr. Hollingsworth, the contractor, said that he paid the last check for materials or labor on the contract on June 3, 1926. Mr. Wilson admitted his last time-card for services on the job was dated June 3, 1926. This was for installing the gas and electric registers. It is true that the gas and electricity were not turned on and connected with the house until a month or so later. That was because the ordinance prohibited these connections from being made until the house was actually occupied. The occupant did not take possession of the premises until a month or more after the completion of the house. It is also true that Mr. Hollingsworth cut the lawn and trimmed the shrubbery after June 3, 1926. He accounted for this by saying that he was "taking care of the premises until White should take possession". Cutting the lawn and trimming the shrubbery does not controvert the finding of a previous completion of the building and improvements. In the case of *Sunset Lumber Co.* v. *Bachelder,* 167 Cal. 512 [Ann. Cas. 1916B, 664, 140 Pac. 35], it is held that "fixing up the yard, and putting up some fences" did not vitiate a finding of the cessation of labor at a previous date.

It also appears in the present case that some broken panes of glass were replaced, and the rear of the building was dash-coated a second time, after June 3, 1926. These were mere repairs, the performance of which do not conflict with the assumption that the building and improvements contracted for were actually completed at a previous date. It appears that the rear wall was again dash-coated because a heavy rain which occurred some time after the completion of the building disclosed a leak which resulted in the discoloration of the outside coating. The subsequent repairs appear to have been comparatively trivial and are

no essential part of the original contract to construct the building. Section 1187, *supra,* then provided in part:

"Any trivial imperfection in the said work, or in the completion of any contract by any lien claimant, or in the construction of any building, improvement or structure, or of the alteration, addition to, or repair thereof, shall not be deemed such a lack of completion as to prevent the filing of any lien."

Ii the case of *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, 238 [29 Pac. 629, 632], it is said:

"The statute has, however, provided that a substantial completion is all that is required in any case, whether the work be done at the direct instance of the owner, or under the provisions of a contract between him and an original contractor, by declaring that a 'trivial imperfection' shall not be deemed such a lack of completion as to prevent the filing of a lien."

The determination as to what constitutes "trivial imperfections" depends upon the facts and conditions of each particular case. The court's findings in that regard may not be disturbed unless there is no substantial evidence to support them. (*Hammond Lumber Co.* v. *Yeager,* 185 Cal. 355 [197 Pac. 111] ; *Shumway* v. *Woolwine,* 84 Cal. App. 220, 225 [257 Pac. 898].) Repairs of slight value or importance have been held not to interfere with findings to the effect that the buildings or improvements were previously completed. (*Thomas Haverty Co.* v. *Jones,* 185 Cal. 285 [197 Pac. 105] ; *Rischard* v. *Miller,* 182 Cal. 351 [188 Pac. 50].) It is apparent that the appellant was not deceived regarding the completion of the building which is involved in the present case, by the repairs which were made after June 3, 1926. Evidently the appellant assumed the building was completed on or before May 7, 1926, at which time its first imperfect lien was filed. This was before the performance of the repairs which are now claimed to have been a material part of the completion of the structure.

We are satisfied that the cutting of the lawn and trimming of the shrubbery, the connecting of the gas and electric equipment, the replacing of broken window panes, and the dash-coating of the wall to cover the discoloration which occurred as a result of a leak, were trivial, in the nature of repairs and of such slight consequence that they

will not warrant this court in upsetting the finding of the court to the effect that the building was in fact completed June 3, 1926. The appellant's claim was, therefore, filed too late to entitle it to a lien.

The judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.